COUNTY OF PROVIDENCE, OCTOBER TERM, 1871, AT PROVIDENCE.

PRESENT:

Hon. GEORGE A. BRAYTON, Chief Justice.
Hon. THOMAS DURFEE, ⎱ Justices.
Hon. ELISHA R. POTTER, ⎰

---

## GEORGE C. ELIOT *vs.* JOSEPH E. CRANSTON.

A writ of arrest cannot legally issue after the first day of July, 1870 (the day on which chapter 860 of the Statutes, prohibiting arrest for debt except in certain specified cases, took effect), when the cause of action, being one where arrest is by the term of said act prohibited, occurred after March 31, 1870, the day of the passage of said chapter.

ASSUMPSIT upon a promissory note for the sum of eighteen dollars and twenty cents. The action was originally brought at the court of magistrates of the city of Providence, where the defendant submitted to judgment and appealed to the Court of Common Pleas for this county, where at its December Term, 1870, the case was heard before Mr. Justice *Burges* without a jury, the defendant pleading in abatement of the action that the writ, being dated subsequently to July 1, 1870, to wit, on the 11th day of August, 1870, and the cause of action, a promissory note, falling

due after March 31, 1870, should have been a writ of summons and attachment, and could not legally issue in the form in which it was pretendedly served as a writ of arrest. The court overruled the plea, and gave judgment for the plaintiff for $18.70 and costs, whereupon the defendant alleged exceptions.

*Essex*, for the defendant, in support of the exceptions, cited chap. 860, and chap. 838, § 4, of the Statutes, and Rev. Stat. chap. 6, § 19, and contended that the words, "passage of said act," in the first section of chap. 860, referred to March 31, 1870.

*James Tillinghast*, for the plaintiff, *contra*. I. The plea in abatement sets up matter which is at most only a "defect or want of form," for which, by the statute, the writ cannot be abated. Rev. Stat. ch. 184, § 4; *Ellis* v. *Appleby*, 4 R. I. 462; *Marchant* v. *V. F. Baptist Church*, 6 R. I. 24; *Potter* v. *Smith*, 7 R. I. 55.

II. The writ is in proper form. The words, "the passage of this act," in Gen. Stats. ch. 860, § 1, refer, in this act, to July 1, 1870. Compare § 5.

III. But if the writ be not in proper form the effect can only be, at most, that the personal attachment and the bail given thereon will be released. The defendant having been personally notified, the service is good by way of summons.

BRAYTON, C. J. The question raised and argued in this case arises upon chapter 860 of the Statutes, and upon the following statement of facts : —

The writ was a writ of arrest, upon which the defendant was arrested and held to bail after July 1, 1870, the date in section 5 of said chapter 860. The cause of action was a promissory note, falling due after March 31, 1870, the date of the passage of said chapter 860.

It is pleaded in abatement that the writ was one of arrest, and not a writ of summons and attachment, and the question is, if a writ of arrest could legally issue against the defendant for recovering a debt, where the cause of action accrued after the passage of the act, the day on which it passed being the 31st day of March, A. D. 1870.

Section 1 of the act provides that arrest or imprisonment, for any action accruing after the passage of this act, for the recovery of debt or of state or town taxes, is hereby abolished, ex-

cept in the mode and subject to the conditions hereinafter provided.

Section 2 states the conditions, part of which are, that an affidavit of the kind therein mentioned should be certified upon the writ.

The act was passed on the 31st day of March, A. D. 1870. Section 5 enacts that it shall take effect on the 1st day of July, 1870.

The first section of the act declares, in no equivocal language, that arrest or imprisonment for debt where the cause of action accrued after the passage of the act shall be abolished; that there shall be no arrest or imprisonment on such a suit after the day or time when it passed; in other words, after the 31st day of March, A. D. 1870, the day it was enacted. It would seem to follow from this, that there could not be from that time any process commanding or requiring the arrest of the debtor for a cause of action accruing after that day. If it could lawfully issue, the sheriff would be required to serve it in the mode commanded, which would be against the express prohibition of this act.

For the plaintiff it is said, that the terms, " the passage of this act," refer to July 1, 1870, when the act was to take effect, because the prohibitions of section 1, as stated in another section of the act, were not to take effect until July 1.

Whatever the effect might be upon suits commenced after the passage of the act, the 31st of March, 1870, and before the first day of July, when it went into effect, upon causes of action accruing between those days, from the time it went into effect this prohibition as it stands went into effect, prohibiting arrest in every case where the cause of action occurred after the 31st of March, 1870, preceding, and from that time at least no arrest could be made, and no writ could command it. This is precisely the defendant's case. The suit is brought after the act was in full force, by its terms, and the writ must abate.

We do not think this is a matter of mere form, but a substantial defect. The defendant was not summoned, as suggested by counsel. There was no direction to the officer to summon the party, and he did not. The command of the writ was, to arrest. This was a service which could not legally be made, and the writ is bad because it does command such a service; and judgment must be that                              *The writ be abated.*